**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.  ROOM 2042**<br>**NEWARK, NJ 07102**<br>**973-645-3827** |

Not for Publication

**LETTER OPINION AND ORDER**

July 19, 2010

<u>VIA CM/ECF</u>
All counsel of record

    Re:    **Gurvey, et al. v. Fixzit National Install Services, Inc., et al.**
            <u>**Civil Action No. 06-1779 (DRD) (MAS)**</u>

Dear Counsel:

    This matter comes before the Court by way of Plaintiffs H. Scott Gurvey and Amy R. Gurvey's ("Plaintiffs") application for leave to file and serve an Amended Complaint. (Docket Entry ("Doc.") No. 51 ("Pls.' Moving Br.").) Defendants Jim Lamberti, an individual, and Jim Lamberti Heating, Electrical & Air Conditioning ("Defendants") oppose Plaintiffs' request. (Doc. No. 56 ("Defs.' Opp'n Br."); Doc. No. 57 ("Defs.' Aff.").) For the reasons set forth below, Plaintiffs' motion for leave to file and serve an amended complaint is denied.

**I.**    <u>**STATEMENT OF FACTS**</u>

    The parties are well-versed in the facts surrounding this matter. Therefore, the Court will address only those facts relevant to the instant motion. Plaintiffs seek to amend their complaint to include claims based on Defendants' alleged joint and several failure to comply with "NJ asbestos, toxin containment and Construction Lien laws." (Pls.' Moving Br. 1, 3.)

    Defendant Jim Lamberti visited Plaintiffs' home (the "Gurvey home") in September 2002 to inspect the newly installed air conditioning system upon the request of former co-defendant Joseph

M. Rutkoski, Sr. ("Rutkoski"), on behalf of Fixzit National Install Services, Inc. (*Id.* at Exh. 2, Amended Complaint ¶ 28.) Plaintiffs allege that although Defendants knew that the plaster ceilings and walls of the Gurvey home would have to be cut, Defendants failed to test them for asbestos during their evaluation. (*Id.* at 6.) Plaintiffs further assert that Defendants specifically instructed Plaintiffs to set the air conditioning unit servicing the upper floors to continuous mode, thus causing it to freeze. (*Id.*) According to Plaintiffs, this resulted in a leak in the third floor and damages to portions of the second floor ceiling. (*Id.*)

Subsequent to Defendants' inspection, Plaintiffs assert that Mrs. Gurvey became ill in 2009, her lungs becoming irritated and inflamed with blood. (*Id.* at 4, 6.) Her physicians recommended that the Gurvey home be tested for contamination and the testing confirmed that the Gurvey home was contaminated with toxic levels of asbestos and mold. (*Id.* at 6.) According to Plaintiffs, Defendants' actions or inactions caused the contamination and rodent infestation in the Gurvey home, which led to Plaintiffs' injuries. (Doc. No. 59 ("Pls.' Reply Br.") 3.) Plaintiffs further contend that Mrs. Gurvey sustained injuries due to her exposure to asbestos and mold, and the damaged ceilings and walls, along with the ductwork, will have to be replaced. (*Id.*)

Accordingly, Plaintiffs argue that Defendants are liable for Plaintiffs' injuries. Plaintiffs contend that while Defendants did not initially install the air conditioning unit, Defendants nonetheless worked with the former co-defendants "as a team" when they inspected the unit and are therefore liable. (*Id.* at 2, 4.) The proposed amended complaint seeks damages for Plaintiffs' medical injuries, relocation costs, the damage done to the Gurvey home, the costs for replacing the damaged portions of the Gurvey home and the costs associated with properly containing the toxins. (Pls.' Moving Br. 7.)

Defendants assert a different characterization of the facts. Defendants argue that Mr. Lamberti visited the Gurvey home on one occasion to evaluate the air conditioning unit, which had already been

installed. (Defs.' Aff. 3.) According to Defendants, Plaintiffs were aware from early on that the problems that they experienced with the system were due to its improper design and installation. (*Id.* at 4-5.) Defendants further note that Plaintiffs' evaluators reported that the evaporator coil of the air conditioning unit at issue froze because Mr. Sorokin, a technician hired by the former co-defendants, installed a defective piston. (*Id.*) Therefore, they assert that Plaintiffs' motion is a mere attempt to attribute the liability of Fixzit National Install Services, Inc. ("Fixzit"), Steve Levi ("Levi") and Joseph M. Rutkoski, Sr. to the remaining Defendants. (Defs.' Opp'n Br. 2.)

## II. LEGAL STANDARD & ANALYSIS

### A. Motion to Amend

Under the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether leave to amend a complaint should be granted "is a matter committed to the sound discretion of the district court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a particularly liberal approach in favor of permitting pleading amendments so as to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Thus, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, leave to amend a pleading may be denied if the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of the amendment. *Id.*; *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). With regard to whether a motion to amend a complaint should be denied on futility grounds, a court must consider whether "the complaint, as amended, would [. . .] survive a motion to dismiss for failure to state a claim." *Keller v.*

3

*Schering-Plough, Corp.*, No. 04-669, 2007 U.S. Dist. LEXIS 75318, at *7 (D.N.J. Oct. 9. 2007) (citing *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002)). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim . . . ; this does require, however, that the newly asserted [claims] appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990). Indeed, a complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 545, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Furthermore, in conducting its futility analysis, the Court must "accept as true all of the factual allegations in the [proposed amended] complaint as well as the reasonable inferences that can be drawn from them." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 796 (3d Cir. 2001) (citing *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993)).

Importantly, prejudice to the non-moving party constitutes "the touchstone for the denial of leave to amend." *Heyl & Patterson Int'l, Inc. v. F. D. Rich Hous. of V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (quoting *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). The burden of establishing prejudice rests with the non-moving party, who must demonstrate that permitting the moving party to amend the complaint "would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction." *Textron Fin.-NJ, Inc. v. Herring Land Group, LLC*, No. 06-2585, 2009 WL 690933, at *4 (D.N.J. Mar. 11, 2009). Lastly, "[d]elay alone . . . does not justify denying a motion to amend. Rather, it is only where delay becomes 'undue, placing an unwarranted burden on the court, or . . . prejudicial, placing an unfair burden on the opposing party' that denial of a motion to amend is appropriate." *Id.* (quoting *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). If,

4

however, the non-movant is not afforded "a meaningful opportunity to respond to these new allegations," permitting the movant to amend the complaint may be inappropriate. *See Keller*, 2007 U.S. Dist. LEXIS 75318, at **8-9 (denying a motion to amend the complaint because discovery would have to be reopened in order to provide the defendant with such an opportunity).

Here, Defendants challenge Plaintiffs' motion on the grounds of undue delay, undue prejudice and futility. As to undue delay, Defendants contend that most of Plaintiffs' proposed amendments are based on facts that were known to Plaintiffs at the time that they initiated the instant action in 2006. (Defs.' Opp'n Br. 5.) They allege that Plaintiffs have failed to provide any explanation as to why they did not raise the new allegations at an earlier time. (*Id.* at 9.) Plaintiffs, however, contend that an asbestos-related injury does not manifest until eight to twenty years after exposure to asbestos and that they therefore could not have discovered their asbestos-related injuries any earlier. (Pls.' Moving Br. 7.)

Defendants further argue that they will face undue prejudice if the Court permits Plaintiffs to amend their complaint because they will have to expend additional resources for the purposes of discovery and preparation. (Defs.' Opp'n Br. 9-10.) They also assert that they will have to defend against Plaintiffs' new theories of relief without the opportunity to request discovery from Fixzit, Levi and Rutkoski, who are no longer parties to the instant action. (*Id.* at 10.) Plaintiffs contend that Defendants will not be prejudiced, however, because discovery as to Defendants never commenced. (Pls.' Moving Br. 4.)

Lastly, Defendants argue that Plaintiffs' proposed amendment is futile. According to Defendants, the new claims that Plaintiffs seek to add are impermissibly ambiguous. They contend that Plaintiffs' "[m]ere reference to statutory bodies of legislation are clearly insufficient to provide any meaningful notice of the statutory or regulatory claims . . . ." (Defs.' Opp'n Br. 12.) They argue that Plaintiffs also fail to state any factual allegations that pertain to the Construction Lien Law. (*Id.* at 12-13.) Defendants further assert that the proposed amended complaint fails to specify

the duty that is allegedly owed by Defendants under what Plaintiffs refer to as the "NJ Asbestos and Mold Containment Laws." (*Id.* at 13.) Defendants also argue that Plaintiffs fail to state a plausible claim to support their theory of joint and several liability. (*Id.* at 14.)

In response, Plaintiffs focus mainly on the joint and several liability issue.[1] Specifically, Plaintiffs argue that each Defendant was partially responsible for the contamination and dissemination of toxic substances in the Gurvey home. (Pls.' Reply Br. 8.) Plaintiffs assert that the injuries they have suffered do not occur in the absence of negligence and that Defendants failed to prove that they were not responsible for the Plaintiffs' injuries. (*Id.* at 9-10.) Thus, Plaintiffs would take the position that the proposed amendments are not futile.

Having carefully considered each party's legal positions and arguments, this Court finds that Plaintiffs' motion to amend the complaint must be denied. This Court finds that a consideration of all the relevant factors, including the futility of the proposed amendments, warrants denial of Plaintiffs' motion. Indeed, even when accepting all of Plaintiffs' factual allegations as true, the proposed amended complaint is not "sufficiently well-grounded in fact or law" to survive a motion to dismiss and is therefore futile. *See Harrison Beverage Co.*, 133 F.R.D. at 468. In proposing to add new factual allegations and counts to the complaint, Plaintiffs fail to cite to specific statutes, which would put Defendants on notice as to how to defend against the proposed counts. Instead, Plaintiffs vaguely refer to "NJ asbestos" and "toxin containment laws" to support their proposed amendments. Plaintiffs simply fail to point to any specific code or particular section which Defendants allegedly violated and further fail to argue in their brief how the laws are applicable to Defendants' actions or inactions. Likewise, Plaintiffs do not assert any factual allegations relevant to the Construction Lien

---

[1] In the reply brief, Plaintiffs also cite to New Jersey Statutes Annotated Section 58:10-23.11 to argue that Defendants are strictly liable "for clean up and removal costs" for discharging a hazardous substance. (Pls.' Reply Br. 10.) However, Plaintiffs fail to make any connections as to the relevancy of strict liability to this case. Furthermore, it is not asserted in the proposed amended complaint.

Law, to which they also refer, and again fail to cite to any particular section within that statute. Thus, Plaintiffs provide no basis for this Court to find, even with the most liberal reading, in their favor.

Moreover, while the proposed amended complaint sets forth several new factual allegations pertaining to Defendants' conduct, the contamination of the Gurvey home and Plaintiffs' injuries, Plaintiffs' failure to refer to specific laws that were allegedly violated keeps this Court from making any reasonable inferences in Plaintiffs' favor that the proposed claims would defeat a motion to dismiss. Moreover, in their brief, Plaintiffs refer to Defendants' alleged tortious conduct and cites to case law that refers to the Tort Claims Act, yet they fail to draw any causal link or connection as to its relevancy in this matter. Accordingly, Plaintiffs simply fail to state a claim on which relief can be granted or to provide Defendants with fair notice of their claims. It is likely that "the complaint, as amended, would not survive a motion to dismiss for failure to state a claim," and as such, Plaintiffs' Motion to Amend the Complaint is denied on grounds of futility. *See Keller, supra*, 2007 U.S. Dist. LEXIS 75318, at *7.

This Court also notes that in submitting the March 31, 2010 proposed amended complaint to this Court, which was electronically filed on April 5, 2010, Plaintiffs failed to provide the Court with pages 12, 17, 18 and 19. (*See* Doc. No. 51.) After having requested the missing pages from Plaintiffs on two occasions, Plaintiffs finally submitted a copy of the proposed amended complaint on June 25, 2010, which was electronically filed on June 29, 2010.[2] (*See* Doc. No. 60.) With their

---

[2] Plaintiffs initially submitted a copy of the reply brief instead of a complete copy of the proposed amended complaint to this Court. Notably, in comparing the reply brief Plaintiffs submitted in June 2010 with the initial reply brief filed on May 12, 2010 (Doc. No. 59), the Court noticed that the version of the reply brief Plaintiffs submitted was slightly modified, as several sentences were rephrased or omitted entirely. Such revisions without the Court's permission and without explicit notice that the reply brief had been changed causes great concern to this Court. Plaintiffs are reminded that they may not revise documents previously submitted to this Court, add new arguments not previously brought to this Court's attention or otherwise modify documents and pleadings without explicitly noticing the Court and parties of any such changes and especially without the Court's permission.

submission, Plaintiffs also included a cover letter that asserted a claim under federal toxic substance containment laws, which is the first time such a claim has been brought to this Court's attention. (*See* Doc. No. 60.) According to Plaintiffs, the proposed amended complaint attached to Plaintiffs' motion to amend the pleadings always included this federal claim against Defendants. However, Plaintiffs were unable to provide a copy of the original proposed amended complaint, which allegedly included the federal toxic substance containment claim, stating that "a revised version [of the amended complaint] included a cause of action under the [Toxic Substance Containment Act] and was on pp. 19. The only document Plaintiffs can currently access over the Internet has a blank pp. 19." (Doc. No. 60.)

Based on the moving papers, this Court finds that Plaintiffs' assertion that the federal toxic substance containment claim was included in Plaintiff's initial proposed amended complaint is unsubstantiated. Contrary to Plaintiffs' representation, Plaintiffs' initial moving brief clearly states that "Plaintiffs' Amended Complaint incorporates a Claim 7 for medical injuries, damages to the home edifice, damages to properly contain and replace affected areas according to law and relocation costs." (Pls.' Moving Br. 7.) There is simply no mention of another claim stating a cause of action under the federal Toxic Substance Containment Act either in the proposed amended complaint itself or Plaintiffs' moving papers. This Court further notes that a party cannot revise documents it has submitted without the permission of the Court. Therefore, the Court will not consider the new claims that have been asserted at this late stage and any request by Plaintiffs to add such claims to the complaint is denied.

Finally, undue delay and prejudice to the Court and Defendants provide additional support to deny Plaintiffs' motion. This is a 2006 case and fact discovery has long-closed. The majority of the new allegations proposed by Plaintiffs are founded on facts that were available at the time the action was commenced. While Plaintiffs' assertion that asbestos-related injuries do not manifest until

8

eight to twenty years after exposure to asbestos and that they therefore could not have discovered their injuries at an earlier time is well taken, to permit the amendments at this stage of the proceedings would require additional discovery, which this Court is not prepared to permit. Indeed, additional discovery would delay the resolution of this case and place an unwarranted burden on both the Court and Defendants. Defendants would need to request Plaintiffs' medical records, conduct discovery related to the former co-defendants and perhaps retain experts for the purpose of analyzing and assessing Plaintiffs' alleged injuries. Thus, permitting the amendments would be prejudicial, unduly burdensome, costly and, perhaps most importantly, futile.

Based on the foregoing, this Court finds good cause to deny Plaintiffs' motion to file an amended complaint.

### B.   Motion for Sanctions

In its reply, Plaintiffs ask the Court to award sanctions for (i) Mr. Brill's September 19, 2006, letter to Plaintiffs and (ii) Defendants' failure to comply with Plaintiffs' discovery requests. (Pls.' Reply Br. 10.). For the reasons expressed below, Plaintiffs' request for sanctions is denied.

According to Plaintiffs, Fixzit filed a motion with the United States Bankruptcy Court in the Southern District of Ohio in July 2006 to reopen its Chapter 11 bankruptcy proceedings. (Pls.' Moving Br. 4.) Subsequently, on September 19, 2006, Mr. Brill wrote a letter to Plaintiffs stating that he believed that discovery as to Defendants was automatically stayed by law as a result of Fixzit's motion and that violating the automatic stay may result in sanctions. (*Id.* at Exh. 1.) Under the United States Bankruptcy Code, a Chapter 11 proceeding "operates as a stay . . . of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C.A. § 362(a) (West 2006) (emphasis added). The Third Circuit has stated that the § 362 automatic stay does not apply to co-defendants

9

who are not also the debtor. *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991). Further, filing a motion to reopen bankruptcy proceedings, as Fixzit did in 2006, does not reinstate the automatic stay, which terminated once the bankruptcy case was initially closed. *See In re Trevino*, 78 B.R. 29, 37-38 (Bankr. M.D. Pa. 1987).

While this Court agrees that Mr. Brill's assertions in the September 19, 2006 letter were misplaced, the Court disagrees with Plaintiffs' contention that the letter is indicative of "frivolous litigation practice." (Pls.' Reply Br. 10.) Because there is no indication of bad faith on the part of the defense counsel, Plaintiffs' motion for sanctions as to Mr. Brill's letter is denied. The Court is equally unconvinced by Plaintiffs' arguments regarding Defendants' alleged failure to comply with Plaintiffs' discovery requests. The Court notes that sanctions are only awarded for the highest level of impropriety. A review of the record and history of this case indicates that at some point or another, each party to this action has failed to comply with some aspect of discovery related to this matter. However, this Court does not believe that any noncompliance was purposeful or based on a bad faith attempt to delay the proceedings. Accordingly, Plaintiffs' motion for sanctions is denied.

### III.   CONCLUSION

For the reasons discussed above, Plaintiffs' motion to amend the complaint and for sanctions is **DENIED**.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**
